BRUNOT, Justice.
 

 In the application of relatrix to this court for writs of certiorari and
 
 *383
 
 mandamus, she has inadvertently substituted the name of Peter A. Winkler, one of the surviving sons of the deceased, for the name of the deceased. This patent error is, however, of no consequence, because the identity of the .deceased is not questioned.- A careful consideration of the application resulted in this court issuing a writ of certiorari and a rule upon the judge of the Civil District Court to send up the record in the case, and to file his return to the rule. The writ and rule have been complied with, and the matter is now before us for review.
 

 The facts, as disclosed by the record, and accurately stated in the return of the judge, are as follows:
 

 Peter Gabriel Winkler died intestate, leaving a succession consisting entirely of paraphernal property. He is survived by his widow, who is the relatrix herein, and four children, all of full age, two of whom are males and two females. Peter A. Winkler, one of the sons, applied for the administration of the estate. The widow opposed the application upon two grounds, viz.: The absence of necessity for an administration, and the unworthiness of the applicant. AH of the other • beneficiary heirs joined in the application of Peter A. Winkler, but prayed, in the alternative, that if Peter A. Winkler was not held to be qualified, that Leopold C. Winkler be appointed administrator of the succession. When the opposition of Mrs. Winkler was called for trial, all parties interested were in court, and, by their agreement, which is recited in the judgment, Leopold C. Winkler was appointed administrator of the succession.
 

 In the course of the administration, the property of the succession, consisting of camps at Little Woods, was regularly sold to pay debts, and it was adjudicated to Peter A. Winkler, one of the heirs, for $2,600. We will note here that the relatrix alleges, in her application, that in addition to -the said $2,600, the administrator has collected, for the account of the succession, $1,672.86, and that he has not deposited any part of said funds in a soL vent bank, as he is required to do. There is nothing in the record which supports the alleged collections. On the contrary, the return of the judge, which is in accord with the record, refutes it, and, in our opinion, disposes of relatrix’ application. Except for the caption and signature, we quote the return in full:
 

 “In response to the alternative writs of mandamus issued herein your respondent says:
 

 • “That Mrs. Mary Mayers Winkler, the relator herein, caused to be filed in the proceedings entitled Succession of Peter Gabriel Winkler, No. 194-028 of the Docket .of the Civil District Court for the Parish of Orleans, on November 7th, 1933, the following quoted motion and rule to show cause:
 

 “ ‘Civil District Court for the Parish of Orleans.
 

 “ ‘State of Louisiana
 

 “ ‘No. 194-028 Div. D Docket 1.
 

 “ ‘Succession of Peter G. Winkler
 

 “ ‘Rule against Administrator.
 

 “ ‘Filed November 7, 1933.
 

 “ ‘[Sgnd.] C. J. Cocke, Dy. Clk.
 

 “ ‘On motion of Mrs. Widow Peter G. Winkler, through her Attorney, Harold J.
 
 *385
 
 Moore, and, on suggesting to the Court that an order issued herein requiring the Administrator, Leopold Winkler, to deposit, forthwith the money belonging to this Succession and, admittedly, collected by him, as appears from the account filed by him, herein, and, on further suggesting to the Court that the account shows that the said administrator collected the sum of $4272.86 which should have been deposited, in accordance with the said order, and, on further suggesting to the Court that the said administrator has failed to make any such deposit and that, therefore, the penalty fixed by law, should be imposed upon him in that he, and his surety on his bond, should be condemned to pay the said principal and the further sum of 20%, on the said amount and that the said Administrator should be removed from the said office and a temporary Administrator should be appointed by the Court pending the usual application and advertisement necessary for the appointment of another administrator;
 

 “ ‘It is ordered by the Court that Leopold Winkler, • Administrator, show cause on Friday, November 10th, 1933, at 11 A. M. why he should not be condemned to pay this estate or to its representative, pro tempore, the said amount, viz.; $4,-272.86 with 20% thereon as a penalty, and that he should be removed from his said office and that an administrator, pro tempore, should be appointed and qualified to act, herein, until the appointment and qualification of another administrator, the whole in accordance with the provisions of the law.
 

 “‘New Orleans, La., November 7, 1933.
 

 “‘[Signed] Walter L. Gleason, Judge.
 

 “ ‘Serve
 

 “ ‘Leopold Winkler, Administrator through John C. O’Connor, Atty.
 

 “‘Nov. 30, 1934. Rule Dismissed.’
 

 “The Administrator filed an exception to that portion of the said rule seeking to divest him of his office on the ground that the law required a direct action to accomplish that purpose.
 

 “That thereafter, the said relator, on November 20, 1933, filed a motion to discontinue that portion of the rule seeking the removal of the Administrator, but made no effort to set the said rule for trial until February 5, 1934, on which date a motion was filed by relator’s attorney setting said rule for trial on Friday, February 9th, 1934.
 

 “That on February 9th, 1934, it developed during the trial of said rule, that the only assets of the Succession had been sold, in obedience to an order of this Court, and, that Peter A. Winkler, an heir at law, was the last and highest bidder. That exercising the rights and privileges belonging to him under the provisions of Article 2625 of the R. C. C., he had paid over no money to the Administrator, and was not required to do so until the Account of the Administrator had been passed on and the amount due by him had been determined. That the said ■ rule, at the request of the Attorney for the relator herein, was. not dismissed at that time, but was continued in order to afford him
 
 *387
 
 an opportunity to furnish authorities in support of his demands.
 

 “That the said Rule was again fixed for trial on November 30, 1934, and on that date a judgment was rendered rejecting the demands of the plaintiff in rule and dismissing same. That no appeal was taken from said judgment nor was any application made to the Supreme Court for writs of Mandamus, notwithstanding the fact that the Attorney for relator served notice on respondent of his intention to do so. A copy of the said notice is annexed hereto.
 

 “That the motion and rule filed herein and which respondent refused to sign, is identical to the rule previously in these proceedings and hereinabove quoted, and on which a judgment was rendered on November 30, 1934, from which no appellate action has been taken and for that reason refused same. That your respondent believes that the relator is not, under the laws of the State of Louisiana, entitled to the relief claimed by her; that the question has been previously passed upon in these proceedings involving the same parties and that the said judgment has obtained the force of ‘Res Adjudicata’ since no effort was made to appeal therefrom or to exercise the supervisory powers of the Supreme Court through the medium of Mandamus and certiorari within the time allowed by law, and that therefore the application of relator should be denied.” '
 

 For the foregoing reasons, the writ and rule issued herein are recalled and vacated, and the application of relatrix is denied.